UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH LOUIS HARN,

        Petitioner,

                                     Case No. 1:09-cv-494

v.                                 Hon. Robert J. Jonker

NICK LUDWICK,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Kenneth Louis Harn, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### I.      Background

Following a jury trial, petitioner was convicted of two counts of first degree criminal sexual conduct, M.C.L. § 750.520b(1)(a), and one count of second degree criminal sexual conduct, M.C.L. § 750.520c(1)(a). *See* Judgment of Sentence (docket no. 15). Petitioner's convictions arose from the sexual assaults of his 9 year-old niece during the summer of 2005. Trial Trans. II at pp. 14-15 (docket no. 12). Petitioner was sentenced to three concurrent sentences of 57 months to 15 years. *See* Judgment of Sentence.

Petitioner, through counsel, filed a delayed application for leave to appeal to the Michigan Court of Appeals, raising three issues:

    I.      M.C.L. § 768.27a conflicts with MRE 404(b) and violates the Michigan Supreme Court's constitutional power to establish, modify, amend and simplify the practice and procedure in all courts of this state.

II.   M.C.L. § 768.27a is an unconstitutional ex post facto law violating U.S. Const. Art. I, § 10, because it allowed the state to convict [petitioner] of first and second-degree criminal sexual conduct on less or different testimony than the rules of evidence required at the time of the alleged commission of the offenses.

III.  [Petitioner] was denied a fair trial when the trial court erroneously allowed the prosecution in its case-in-chief to introduce character evidence barred by MRE 404(b)(1).[1]

Delayed Application (docket no. 15).

The Michigan Court of Appeals denied petitioner's application for delayed appeal for lack of merit in the grounds presented. *See People v. Harn*, No. 278498 (Mich. App. Oct. 18, 2007). Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court. On April 23, 2008, the Michigan Supreme Court held petitioner's application in abeyance pending its decision in *People v. Watkins*, No. 135787 (Mich.), noting that "the decision in that case may resolve an issue raised in the present application for leave to appeal." *People v. Harn*, No. 135222 (Mich. April 23, 2008). The Michigan Supreme Court denied application for leave to appeal, after noting that leave to appeal was denied in *Watkins*, 482 Mich. 1114, 758 N.W.2d 267  (2008) and the court was "not persuaded that the question presented should be reviewed by this Court." *Id.* (April 17, 2009). Kelly, C.J. and Cavanagh, J., dissented from the order denying petitioner's application for leave to appeal, citing Kelly's dissent in *People v. Xiong*, 483 Mich. 951, 764 N.W. 2d 15 (2009), which provided in part:

I would grant defendant's application for leave to appeal. This appeal raises jurisprudentially significant issues including a defendant's right to a fair trial and the proper separation of powers between the Legislature and the judiciary. A failure to

---

[1] Petitioner and his previous counsel inadvertently stated that the issue involved MRE 404(1). The court notes that there is no rule identified as MRE 404(1). It appears that petitioner and his counsel were referring to MRE 404(b)(1).

2

rule on this case will leave lower courts without guidance on these important issues, and some accused of crimes will likely receive disparate treatment across the state.

At issue here is the interplay between MCL 768.27a and MRE 404(b).  Both govern the admissibility of so-called "other acts" evidence.  MRE 404(b) does not allow the admission of such evidence to show a defendant's character or propensity to commit such acts.  Rather, it allows the admission of such evidence only for other purposes,  such as to show "proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident. . . ."  MRE 404(b)(1).

By contrast, MCL 768.27a allows such evidence to be admitted for "any matter to which it is relevant," but is limited to proceedings involving defendants charged with "a listed offense against a minor."  Listed offenses are set forth in section 2 of the sex offenders registration act, MCL 28.722.

A key question presented, therefore, is whether the statute or the rule of evidence controls in prosecutions for the listed offenses referred to in MCL 768.27a. . . .

*Xiong*, 483 Mich. at 952.

Harn raised the same three issues in his petition for habeas corpus filed in this court. *See* Petition (docket no. 1).

## II.      Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A).  Here, petitioner has exhausted the issues raised in his amended petition.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, -- U.S. --, 130 S.Ct. 1855, 1862 (2010) (internal quotation marks omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, -- F.3d --, 2011 WL 3903439 at *5 (6th Cir. Sept. 7, 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law

4

erroneously or incorrectly." *Id.* at 411.  Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).  The presumption of correctness accorded to a state court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record.  *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

### III.    Discussion

### A.    Conflict between M.C.L. § 768.27a and MRE 404(b)

The statute at issue, M.C.L. § 768.27a, allows for prosecutors to introduce evidence of a criminal defendant's previous sexual offenses against minors, providing as follows:

> (1) Notwithstanding section 27,  in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.  If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.
>
> (2) As used in this section:
>
> (a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.
>
> (b) "Minor" means an individual less than 18 years of age.

5

M.C.L. § 768.27a (footnote omitted).[2]

The Michigan court rule at issue, MRE 404(b), limits the admission of evidence of a person's other wrongful acts committed in the past, providing as follows:

> (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

> (2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence.  If necessary to a determination of the admissibility of the evidence under this rule, the defendant shall be required to state the theory or theories of defense, limited only by the defendant's privilege against self-incrimination.

MRE 404(b).

At petitioner's trial, the prosecutor sought to introduce testimony regarding petitioner's uncharged sexual touching against two minor girls,  sisters aged seven and ten, as allowed under § 768.27a.  Trial Trans. I at pp. 3-9 (docket no. 11).  Petitioner's counsel objected on the grounds that this evidence was prejudicial and distinguishable, because petitioner's previous acts

---

[2] "Section 27" referred to in the statute is M.C.L. § 768.27, which provides as follows:

> In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.

were limited to sexual touching, while the present case involved both sexual touching and

penetration.  *Id.* at p. 6.  The trial court addressed this issue in pertinent part as follows:

> Addressing this issue from what I will just describe as what I view as potentially completeness or alternate theory admissibility being proffered by the People, the [statute was] enacted that is of relevance in this case January 1, 2006. It is MCL 781.27(a).  Prior to January 1st, 2006, the Court would be required in considering these issues to review the matter under the case of People v. Vandervliet [444 Mich. 52, 508 N.W.2d 114 (1993)].  I do not have a cite to Vandervliet.  It's a well-recognized Supreme Court case.  It is the black letter law for [MRE] 404(b) analysis in the State of Michigan. . . .

> Applying the Vandervliet concerns to as far as the 404(b), that was a child sexual abuse case, the Court instructed on the issues that the trial Judges were to look at in determining the admissibility of similar acts evidence.  I think the critical -- one of the critical things engaging in this analysis for the trial Court is it is similar acts evidence.  It's not exact acts.  It's nature of human adventure -- and I don't mean adventure in a bad way, but it's the nature of human activity that things are not ever exactly the same.

> In the instant case, the defendant is charged with multiple counts of criminal sexual conduct involving a minor, a minor that he has a close either familial or friendship relationship with the parents of the child, similar to the other two complaining witnesses.  The time period is the same.  It is the taking advantage of this relationship with a small child in order to gratify the sexual desires of the defendant, if true, that are alleged.  In think the similarities are very close.  I think it does show the absence of mistake.  I think it shows a motive.  I think it shows his intent.  It shows scheme.

> Even without the January 1st, 2006 statute [M.C.L. § 768.27(a)] -- which this Court has no reason to believe would be anything other than constitutional, but I don't think there's been a constitution challenge to the statute yet.  In the event that there is a constitutional challenge to the statute and the analysis of this type of evidence then falls back to Vandervliet, in the event that there is ever appellate review of this case, I want the appellate courts to understand that in addition to allowing this evidence under the January 1st, 2006 statute, MCL 768.27(a), I'm also making a factual finding and legal conclusion that this evidence would be admissible under the People v. Vandervliet analysis, which until January 1st, 2006, was the standard that would be applied.

> I think its admissible under either circumstance.  . .

Trial Trans. I at pp. 6-8.  As previously discussed, both the Michigan Court of Appeals and the Michigan Supreme Court refused to consider petitioner's appeal.

Petitioner frames his habeas issue around this conflict between t § 768.27a and MRE 404(b), asserting that the statute and violates the separation of powers, because the Michigan Legislature invaded the province of the Michigan Supreme Court by enacting a law which impacted trial procedure.  In his applications for leave to appeal to the state appellate courts, petitioner relied on a state constitutional provision which provides that:

> The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state.  The distinctions between law and equity proceedings shall, as far as practicable, be abolished.  The office of master in chancery is prohibited.

Const. 1963, art 6, § 5.  Petitioner also relied on a Michigan Supreme Court decision, *McDougall v. Schanz*, 461 Mich 15, 597 N.W.2d 148 (1999), in which the court ruled that a statute governing qualifications of experts in medical malpractice cases and the evidence rule conflicted; that not all evidence statutes are procedural; and that the statute restricting expert testimony in medical malpractice actions was an enactment of substantive law which did not impermissibly infringe the Michigan Supreme Court's constitutional rule-making authority over practice and procedure.  *See* McDougall, 461 Mich. at 15-37.

Petitioner's arguments in the state courts, and in his habeas petition, characterize the issue as a matter of state law, i.e., whether  § 768.27a violates Michigan's Constitution.  This specific state law issue was addressed in *People v. Pattison*, 276 Mich. App. 613, 619-20, 741 N.W.2d 558 (2007) ("MCL 768.27a is substantive in nature, and it does not violate the principles of separation of powers"). Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

8

"[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  The state courts are the ultimate expositors of state law in federal habeas proceedings.  *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle*, 502 U.S. at 67-68.  Accordingly, petitioner's claim is not cognizable on federal habeas review.[3]

### B.    M.C.L. § 768.27a is an unconstitutional *ex post facto* law

Next, petitioner contends that because § 768.27a was effective on January 1, 2006, several months after he committed the sexual assaults, the statute should not be applied to him. Petitioner contends that the application of § 768.27a violates the *Ex Post Facto* clause of Art. I, § 10, which provides in pertinent part, "No State shall . . . pass any . . . ex post facto Law. . ."

> Although the Latin phrase " ex post facto" literally encompasses any law passed "after the fact," it has long been recognized by this Court that the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them.

*Collins v. Youngblood*, 497 U.S. 37, 41 (1990), quoting *Calder v. Bull*, 3 U.S. 386, 390-92 (1798).

However, it is unnecessary for the court to address petitioner's claim that § 768.27a is unconstitutional under the *Ex Post Facto* Clause.  The state trial judge made abundantly clear that petitioner's prior bad acts were admissible under *both* MRE 404(b) and § 768.27a.  Thus, even if § 768.27a was unconstitutional, the evidence was properly before the jury under the state's applicable rule of evidence.  "Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision.  This is a fundamental rule of judicial restraint."

---

[3] Petitioner's brief in response to respondent's answer attempts to federalize this issue by claiming that the admission of the evidence was fundamentally unfair.  *See* Petitioner's Reply Brief (docket no. 6). The court notes that this argument was raised in the state courts, and in Harn's petition, as Issue III.

*Jean v. Nelson*, 472 U.S. 846, 854 (1985) (internal citations and quotation marks omitted).  *See*

*Spector Motor Service v. McLaughlin*, 323 U.S. 101, 105 (1944) ("If there is one doctrine more

deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to

pass on questions of constitutionality . . . unless such adjudication is unavoidable").  Because the

trial court properly admitted this evidence under MRE 404(b)(1), *see* discussion in  § III.C., *infra.*,

this court need not address petitioner's constitutional challenge to § 768.27a.  Accordingly,

petitioner's constitutional challenge of  § 768.27a should be denied.

### C.   Trial Court erred in allowing prosecution to introduce character evidence barred by MRE 404(b)(1)

In this habeas claim, petitioner contends that the court erred by allowing the

prosecutor to present evidence of the prior, unrelated bad acts under MRE 404(b)(1).  Specifically,

petitioner contends that the prosecutor admitted evidence of his prior sexual touching of the two

young girls to demonstrate petitioner's propensity to sexually molest young girls.  Petition

Attachment (docket no. 1-3).  To the extent that petitioner contends that the trial court erroneously

admitted this evidence in violation of Michigan law, i.e., improperly applied the Michigan Supreme

Court's *Vandervliet* test, his claim involves a state law question not cognizable on federal habeas

review.  *See Estelle*, 502 U.S. at 67-68;  *Mullaney*, 421 U.S. at 691.

Petitioner also claims that the admission of this evidence violated his due process

rights.  The court disagrees.  Federal habeas review is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States.  *Estelle*, 502 U.S. at 68.  "[E]rrors

in the application of state law, especially rulings regarding the admission or exclusion of evidence,

are usually not to be questioned in a federal habeas proceeding."  *Cooper v. Sowders*, 837 F.2d 284,

286 (6th Cir. 1988).  "Trial court errors in state procedure and/or evidentiary law do not rise to the

level of federal constitutional claims warranting relief in a habeas action unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). The admission of the prior bad acts evidence against petitioner did not amount to a federal constitutional violation. "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Furthermore, the prosecution presented substantial evidence that the jury could have relied on in convicting petitioner. In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis added). In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

Here, the victim, a third grader at the time of trial, testified that petitioner touched her "front private part" on multiple occasions and that he penetrated her with his "private part" on one occasion. Trial Trans. II at pp. 53-68. The victim's brother, a fifth grader at the time of trial, testified that he witnessed some of petitioner's misconduct with the victim. Specifically, the

11

victim's brother testified that he saw petitioner put his hand on the victim's "bad part" on two occasions. *Id.* at pp. 97-104. The victim's brother also testified that he told his mother's friend (Ms. Weber) about the petitioner's actions. *Id.* at p. 103. Ms. Weber, petitioner's significant other, testified that on June 19, 2005, the victim's brother asked her "to get Uncle Ken [petitioner] to stop hurting [the victim]" and that petitioner was "touching [the victim's] bad spot [i.e., vagina]." *Id.* at pp. 74-75. When Ms. Weber asked petitioner whether it was true that he touched the victim, petitioner "told me that I have three choices, he could hurt [the victim's brother] and I now, he could wait for [the victim's mother] to get there and hurt all of us, or I could keep my big 'f*ing' mouth shut." *Id.* at p. 75. Ms. Weber testified that for everyone's safety "I kept my mouth shut." *Id.* at p. 76. From this testimony, there was substantial evidence to support the jury's finding of guilt without the additional testimony regarding petitioner's prior bad acts with two other young girls. Accordingly, petitioner's claim that the state court's evidentiary ruling violated his due process rights should be denied.

### IV. Recommendation

For these reasons, I respectfully recommend that the habeas petition be **DENIED**.

Rule 8, Rules Governing § 2254 Cases in the United States District Courts.

Dated: June 15, 2012                    /s/ Hugh W. Brenneman, Jr.
                                        HUGH W. BRENNEMAN, JR.
                                        United States Magistrate Judge

ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).