UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH LOUIS HARN,

    Petitioner,

CASE NO. 1:09-CV-494

v.

HON. ROBERT J. JONKER

NICK LUDWICK,

    Respondent.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 27) and Petitioner Harn's Objections to Report and Recommendation (docket # 28). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections.  After its review, the Court finds that Magistrate Judge correctly concluded that Mr. Harn is not entitled to habeas corpus relief.[1]

In his habeas petition, Mr. Harn presented three claims for relief, all of which center on the interplay of MICH. COMP. L. § 768.27a and MRE 404(b). (Petition for Writ of Habeas Corpus, docket # 1.)  Mr. Harn's objections in essence reiterate arguments he raised in his original petition. all of which the Magistrate Judge rejected for good reason.  Fundamentally, Mr. Harn claims that MICH. COMP. L. § 768.27a and MRE 404(b) conflict, and that the conflict creates a separation of powers issue.  To the extent such a separation of powers issue exists, it is a state separation of powers issue, not a federal one.  Mr. Harn suggests that the trial court should not have allowed evidence of his uncharged sexual touching against two minor girls, ages seven and ten, under section 768.27a, because of the conflict with MRE 404(b).  However, this is beside the point,

---

[1] In his Objections, Mr. Harn states that the Report and Recommendation contains an inaccurate description of his offenses of conviction.  The Judgment of Sentence dated August 7, 2006, that is part of the record, describes Mr. Harn's offenses of conviction as two counts of first degree criminal sexual conduct and one count of second degree criminal sexual conduct.  However, the record also includes a letter dated December 12, 2007, from Mr. Harn's appellate counsel, Mr. Faraone, to Judge Redford, the trial judge in the matter, stating that the Judgment of Sentence reflects a clerical error and should have stated instead that the offenses of conviction were three counts of second degree criminal sexual conduct.  The letter includes a copy of the verdict form, which reflects that the jury found Mr. Harn guilty on three counts of second degree criminal sexual conduct.  The transcript from the sentencing hearing also suggests that Mr. Harn was convicted of three counts of second degree criminal sexual conduct, not one count of first degree and two counts of second degree criminal sexual conduct: "They convicted you because you did exactly what those children said you did as far as the conviction is concerned of criminal sexual conduct in the second degree . . . I think it's frankly a small miracle you weren't convicted of first degree." (Sentencing Trans. at 7.)  The December 12, 2007 letter requests that the court correct the Judgment of Sentence, but an amended Judgment of Sentence does not appear elsewhere in the record now before this Court.  Whether the offenses of conviction were as stated in the Judgment of Sentence or as described in the December 12, 2007 letter makes no difference in the analysis of the claims Mr. Harn raises in his habeas petition.

because the trial court found explicitly that the evidence would be admissible not only under section 768.27a, but also under MRE 404(b): "I want the appellate courts to understand that in addition to allowing this evidence under [Mich. Comp. L. § 768.27(a)], I'm also making a factual finding and legal conclusion that this evidence would be admissible under the *People v. Vandervliet* analysis."[2] (*Id.* at 6-8.) Regardless of any conflict between the statute and the rule of evidence, the evidence would have come in. Finally, Petitioner's arguments fail in any event in light of the Michigan Supreme Court's recent decision concerning whether the statute and rule of evidence conflict and the whether a separation of powers problem exists in light of any such conflict. *People v. Watkins*, 491 Mich. 450, 818 N.W.2d 296 (2012). In *Watkins*, the court held that

> MCL 768.27a irreconcilably conflicts with MRE 404(b), which bars the admission of other-acts evidence for the purpose of showing a defendant's propensity to commit similar acts, and that the statute prevails over the court rule because it does not impermissibly infringe on this Court's authority regarding rules of practice and procedure under Const. 1963, art. 6, § 5.

*Watkins*, 491 Mich. at 455-56, 818 N.W. 2d at 299. For all of these reasons, the Court concludes that the Magistrate Judge correctly found that Mr. Harn is not entitled to the habeas corpus relief he seeks.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate

---

[2]*People v. Vandervliet*, 444 Mich. 52, 508 N.W. 2d 114 (1993)(discussing MRE 404(b) in the context of second degree criminal sexual conduct prosecution).

of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Mr. Harn has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge properly concluded that Mr. Harn is not entitled to the habeas corpus relief he seeks. Mr. Harn is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 27) is **APPROVED AND ADOPTED** to the extent consistent with this Order as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (docket # 1) is **DISMISSED**; and

2. Petitioner is **DENIED** a certificate of appealability.

Dated: September 25, 2012 /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE